IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RANDA MULANAX, for herself and all others similarly situated, § § § § | | |
| *Plaintiff*, § | | |
| V. § | CAUSE NO. 1:15-cv-1189-RP | |
| STEADFAST MANAGEMENT COMPANY, INC. AND SIR MONTECITO, LLC, § § § § § | | |
| *Defendants*. § | | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Having read and considered the Parties' Class Action Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Settlement Approval, and the exhibits thereto, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions of the Parties' Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. For purposes of settlement only, and in accordance with the standards set forth in Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies this litigation as a class action and preliminarily certifies the Settlement Class, which includes all of the following persons (excluding persons who timely opt-out of the Settlement):

1


>All current and former residential tenants who are or were named parties to a lease at the Montecito apartment community, located at 3111 Parker Lane, Austin, Texas 78741, from September 1, 2013, to September 30, 2016, and whose Household was billed a 9% charge in connection with the monthly water and sewer billing.

The following are excluded from the Settlement Class:

(i)   the judge(s) assigned to this case and his or her staff;
(ii)  governmental entities;
(iii) Defendants and their affiliates;
(iv)  persons adjudged to be bankrupt; and
(v)   persons who have previously released Defendants of the claims raised by the Action.

3. For purposes of settlement only, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.

4. The Court preliminarily approves Plaintiff Randa Mulanax as the Class Representative.

5. The Court preliminarily approves the following attorneys and law firms as Class Counsel:

>Britton D. Monts
>The Monts Firm
>
>R. Martin Weber, Jr.
>Richard E. Norman
>Crowley Norman LLP
>
>Jason W. Snell
>The Snell Law Firm P.L.L.C.
>
>Russell S. Post
>Karson Thompson
>Beck Redden LLP

6. The Court preliminarily approves the Settlement as set forth in the Parties' Agreement as falling within the range of a settlement that may be granted final approval, finding its terms appear sufficiently fair, reasonable, and adequate to warrant providing

the Notice to Class Members. The Parties appear to have entered into the Agreement in good faith following arms-length negotiations between Class Counsel and Defense Counsel.

7. Neither the Parties' Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it shall be construed in the Action or any other lawsuit as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind.

8. The Court approves Dahl Administration as the Third Party Administrator ("TPA") for administering the Settlement.

9. Within twenty (20) calendar days after this Order is signed or docketed (whichever occurs first), Defendants shall provide to the TPA a spreadsheet listing each Class Member's current or last known address according to Defendant's current business records. The TPA shall conduct a National Change of Address search on all addresses provided by Defendant before mailing the Notice to Class Members.

10. Within forty (40) calendar days after this Order is signed or docketed (whichever occurs first), the TPA shall send by first-class mail a Postcard Notice to each identified Class Member, and shall post the Long Form Notice on a settlement website established and maintained by the TPA.

11. The Court approves the proposed procedure for disseminating Notice to the Class Members, as set forth in the Agreement. The Court finds the notice plan that the Parties propose to follow constitutes the best notice practicable under the circumstances, constitutes valid and sufficient Notice to Class Members in full compliance with the requirements of Rule 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure

and the Due Process Clause of the United States Constitution.

12. Prior to the Postcard Notice being mailed, the TPA shall establish a website on the Internet to facilitate the disclosure of the Long Form Notice and claims administration process in this case. The website location shall be included in the Postcard Notice to Class Members.

13. Any Class Member who wishes to exclude himself or herself from the Settlement Class (and thus opt out of the Settlement) must do so in writing not later than fourteen (14) calendar days before the Fairness Hearing. Class Members must mail a written request for exclusion to the TPA that includes: (1) a statement requesting exclusion from the proposed Settlement; (2) the Class Member's name and mailing address; and (3) the Class Member's original signature. Any Class Member who does not opt out of the Settlement shall be bound by any judgment or order entered in the Action, whether favorable or unfavorable to such Class Member or the Class. For Class Members in a Household with more than one current or former tenant named as a party to the lease, each and all Class Members in the Household who are named as a party to the lease must exclude themselves from the Settlement in writing, as set forth herein, in order for the exclusion request to be valid; otherwise each and all Class Members in the Household shall be bound by the Settlement.

14. Any Class Member who wishes to object to the Settlement must submit a valid objection not later than fourteen (14) calendar days before the date of the scheduled Fairness Hearing. To be valid, an objection must be in writing, contain the name of the case (Case No. 1:15-cv-1189-RP; *Randa Mulanax v. Steadfast Management Company, Inc. and SIR Montecito, LLC; United States District Court for the Western District of Texas*), be personally signed by the Class

Member or his counsel, and must include: (a) the Class Member's name, mailing address, telephone number, and, if represented by counsel, counsel's contact information; (b) the Class Member's proof of inclusion in the above-defined Settlement Class; (c) the basis for the Class Member's objection; and (d) a statement of whether the Class Member intends to appear at the Fairness Hearing, either with or without counsel.  Any Class Member who does not object in the manner provided above shall be deemed to have waived all objections and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of, or otherwise opposing in any way, the Settlement.

15.   Any objection by a Class Member must be filed with the Court and a copy mailed and postmarked or delivered via courier to all of the Parties to this Action as follows:  (1) Class Counsel, R. Martin Weber, Jr., Crowley Norman LLP, 3 Riverway, Suite 1775, Houston, Texas 77056 and (2) Defense Counsel, Clinton Rosenthal, Cain & Skarnulis PLLC, 400 W. 15th Street, Suite 900, Austin, Texas 78701.  Class Member objections filed and/or served late shall be deemed invalid.

16.   Any Class Member who wishes to appear and object in person or through counsel at the Fairness Hearing must file and/or serve a proper objection as provided above.

17.   Plaintiff and Defendants have the right to respond not later than seven (7) calendar days prior to the Fairness Hearing date to any and all timely objections by Class Members.

18.   If a Class Member files an objection to the Settlement Agreement, Class Counsel and/or Defense Counsel may depose the objector consistent with the Federal Rules of Civil Procedure at an agreed upon location, and seek to have the objector

produce documentary evidence or other tangible things relevant to the objection. An objector's failure to make himself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection and otherwise affect that person's substantive rights. The Court reserves the right to tax the costs of such discovery to the objector or the objector's counsel should it be determined the objection was frivolous or was made for an improper purpose.

19. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement so as to protect the due process rights of all Class Members.

20. A Fairness Hearing for final approval of the Settlement shall be held on Thursday, May 11, 2017, at 1 PM, in Courtroom Five
of the United States Courthouse, 501 West 5th Street, Austin, Texas 78701, for the purpose of determining whether: (1) the proposed Settlement, including the Parties' Agreement, should be finally approved by the Court as fair, reasonable and adequate; (2) the proposed Class should be certified for purposes of settlement only; (3) the form and content of the Notice sent to Class Members is approved; (4) any objections to the Settlement should be granted or overruled; (5) whether the attorneys' fees and contribution awards to be requested by Class Counsel in a motion should be approved; (6) whether Plaintiff should be approved as the Class Representative; (7) whether Plaintiff's counsel should be approved as Class Counsel; and (8) such other matters as may be necessary or proper under the circumstances.

21. No later than twenty-eight (28) calendar days prior to the date of the Fairness Hearing, Class Counsel shall file a motion for final approval of their application for attorneys' fees and expenses, and any enhancement award for Plaintiff as the Class Representative.

21. No later than seven days (7) prior to the date of the Fairness Hearing, Class Counsel shall file a motion for final approval of the proposed Settlement.

22. The Court reserves the right to adjust the Fairness Hearing date and related deadlines. If dates are altered, the revised date and/or deadlines shall be posted on the Settlement website referenced in the Notice.  In no event shall any deadline be shortened. The Parties will not be required to re-send any Notice to Class Members in such event.

UK PGF on January 25, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE